IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

JESSE COLIN CAMPBELL,

      Plaintiff,

v.                                                              CIVIL ACTION NO. 3:22-CV-160
                                                                (GROH)

DIDYMUS TATE,

      Defendant.

## REPORT AND RECOMMENDATION

### I.      INTRODUCTION

Plaintiff is a state inmate presently confined at Huttonsville Correctional Center, in Huttonsville, West Virginia, following his conviction and sentence in Berkeley County, West Virginia, Circuit Court case number 20-F-218, for two counts of grand larceny and one count of conspiracy to commit receiving or transferring stolen goods. https://apps.wv.gov/ois/offendersearch/doc. According to the Division of Corrections website, Plaintiff's intake date for the Division of Corrections was November 2, 2022, and his projected release date is November 2, 2026. Id.

This matter was referred to the undersigned pursuant to 28 U.S.C. § 1915A(b) for judicial review. For the reasons set forth below, this Court recommends that Plaintiff's complaint be dismissed with prejudice.

## II.    FACTUAL AND PROCEDURAL HISTORY[1]

On September 19, 2022,[2] Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated while in state custody at the Eastern Regional Jail. ECF No. 1. However, the complaint was not upon the Court-approved form. Accordingly, on September 20, 2022, the Court issued a notice of deficient pleading which directed Plaintiff to refile his complaint upon the Court-approved form. ECF No. 7. Plaintiff filed a complaint on the Court-approved form as directed, on September 30, 2022. ECF No. 11. On July 14, 2023, Plaintiff was granted permission to amend his complaint, and instructed to utilize the Court-approved form. ECF No 24. Plaintiff filed an amended complaint [ECF No. 28] on the Court-approved form on July 31, 2023, wherein he alleges a single claim: that on or about June 9, 2022, he was incarcerated in a facility with hazardous, unsafe, and unsanitary living conditions, which caused him to slip and fall getting out of the shower.[3] The sole named defendant is the warden of the Eastern Regional Jail, where plaintiff was previously incarcerated, and where he alleges that his injuries occurred. ECF No. 28 at 2.

Specifically, Plaintiff claims he was injured on June 9, 2022, when he slipped and fell stepping out of the shower, and broke or fractured both his tibia and [fibula] bones above his right ankle. ECF No. 28 at 9. As relief Plaintiff seeks compensatory damages of $1,200,000.00, punitive damages of $250,000.00, nominal damages of $1.00, reimbursement for all court costs and medical bills, and $100,000.00 for future damages.

---

[1] All ECF references herein are for the instant case, 3:22-CV-160, unless otherwise noted.

[2] Plaintiff's complaint was filed before his intake with the West Virginia Division of Corrections, while he was still incarcerated at the Eastern Regional Jail. ECF No. 1.

[3] In the amended complaint, plaintiff fails to identify that the events occurred at the Eastern Regional Jail although prior pleadings [ECF No. 1 at 3] indicate the events occurred at that location and the sole defendant is the Superintendent of the Eastern Regional Jail. ECF No. 28 at 1.

Further, plaintiff seeks the release from Division of Corrections (DOC) custody, for the DOC to remedy the conditions at the Eastern Regional Jail, and an apology. Id.

### III. LEGAL STANDARD

#### A. Pro Se Litigant

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

---

[4] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

The Federal Rules of Civil Procedure require only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1, 92 S.Ct. 594, 596 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, even under this less stringent standard, a *pro se* complaint is still subject to dismissal. Haines, supra, at 520–21. "[T]he mandated liberal construction afforded to pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.'" Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir.1999). However, "judges are [ ] not required to construct a party's legal arguments for him." Small v. Endicott, 998 F.2d 411, 417 - 8 (7th Cir.1993).

Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 (2007). Accordingly, "[f]actual allegations must be enough to

raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

**B.    § 1983 Claims**

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254–257 (1978). In Gomez v. Toledo, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

Gomez, 446 U.S. at 640.

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."  Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  "Because vicarious liability is inapplicable to Bivens and § 1983 suits,

a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. "A *Bivens* claim is brought against the individual official for his or her own acts, not the acts of others." Ziglar v. Abassi, 137 S.Ct. 1843, 1860 (2017).

In Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), the Fourth Circuit:

> set forth three elements necessary to establish supervisory liability under § 1983: (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

(Internal citations omitted). The Court further explained that "[t]o satisfy the requirements of the first element, a plaintiff must show the following: (1) the supervisor's knowledge of (2) conduct engaged in by a subordinate (3) where the conduct poses a pervasive and unreasonable risk of constitutional injury to the plaintiff." Shaw, supra, citing Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984).

"A plaintiff may establish deliberate indifference by demonstrating a supervisor's "continued inaction in the face of documented widespread abuses"; however, a plaintiff claiming deliberate indifference "assumes a heavy burden of proof." Shaw, 13 F.3d at 799. "Causation is established when the plaintiff demonstrates an "affirmative causal link" between the supervisor's inaction and the harm suffered by the plaintiff." Id.

## IV. ANALYSIS

A review of the complaint pursuant to 28 U.S.C. § 1915A(b), reveals that Plaintiff

fails to present a claim upon which relief can be granted. Actions authorized under § 1983 are intended to "deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." Wyatt v. Cole, 504 U.S. at 161. Critically, complaints in § 1983 actions must allege that some person has deprived him of a federal right. Gomez, 446 U.S. at 640.

### A.   Failure to Allege Personal Responsibility of Defendant

Plaintiff has named a sole defendant but fails to describe with specificity as to how that Defendant violated his Constitutional rights. As to Plaintiff's allegations that Defendant Warden Tate violated his Constitutional rights, he fails to make a specific assertion against the Defendant. ECF No. 28 at 2, 7, 9. Rather, Plaintiff makes a blanket assertion that Defendant, as warden, is responsible for plaintiff's alleged injuries from a slip and fall out of the shower. Id. "Liability under § 1983 is personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d. 391, 402 (4th Cir. 2001) (internal citation omitted). Accordingly, to establish liability under § 1983, the plaintiff must specify the acts taken by the defendant which violated his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988). Plaintiff must demonstrate personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986).

Plaintiff's claim for relief fails to allege that Tate "through the official's own individual actions, has violated the Constitution," as required by Iqbal. To the extent that Plaintiff alleges that Tate failed to ensure the Plaintiff was free from cruel and unusual punishment," he fails to allege that Tate was personally responsible for any action or

inaction. ECF No. 28 at 2, 7, 9. Further, to the extent that Plaintiff contends that Tate was responsible for the actions of subordinate officials at the Eastern Regional Jail, pursuant to Ashcroft v. Iqbal, 556 U.S. 662, 680 – 81 (2009), individuals with supervisory responsibility are immune from liability from allegations that subordinate officials violated Plaintiff's civil rights.

Plaintiff does not allege that he had any direct contact with Tate, who had, at most, only supervisory responsibility for acts of his subordinates who had contact with Plaintiff. However, "Government officials may not be held liable for the unconstitutional conduct of their subordinates." Ashcroft v. Iqbal, supra, 556 U.S. at 676.

**B.    Lack of Supervisory Liability under § 1983**

To the extent that Plaintiff alleges that Tate as warden of the Eastern Regional Jail, possessed personal knowledge of any problems with the condition of Plaintiff's cell or bathroom, Plaintiff still fails to state a claim upon which relief can be granted. When a supervisor is not personally involved in the alleged wrongdoing, he may be liable under §1983 if a subordinate acts pursuant to an official policy or custom for which he is responsible. Fisher v. Washington Metropolitan Area Transit Authority, 690 F. 2d 1133 (4th Cir. 1982) (abrogated on other grounds by County of Riverside v. McLaughlin, 500 U.S. 44 (1991)). Plaintiff's claim fails as his broad assertions against Tate do not identify what official policy or custom for which Tate was responsible when carried out by his subordinates.

Plaintiff fails to state how Tate violated his civil rights, or how Tate's actions violated any law or the Constitution. Further, Plaintiff fails to meet the elements necessary to establish supervisory liability pursuant to Shaw v. Stroud. Plaintiff fails to

show that Tate had actual or constructive knowledge of the subordinates' conduct, that Tate's response to that knowledge was so inadequate that it demonstrated deliberate indifference to the alleged offensive practices, or any affirmative causal link between Tate's inaction and the harm allegedly suffered by Plaintiff.

Plaintiff has failed to comply with the Federal Rules of Civil Procedure requirement that only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555. Although Plaintiff's complaint is both short and plain, it fails to name a defendant whom Plaintiff claims violated his civil rights by that defendant's own actions. Accordingly, because Plaintiff has failed to state a claim upon which relief can be granted pursuant to § 1983, this Court recommends that this matter be dismissed with prejudice.

## V. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDED** that Plaintiff's amended section 1983 complaint [ECF No. 28] be **DENIED and DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page

limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:        August 4, 2023

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE