**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**JESSE COLIN CAMPBELL,**

    Plaintiff,

v.                                                              **CIVIL ACTION NO.: 3:22-CV-160**
                                                                            **(GROH)**

**DIDYMUS TATE,**

    Defendant.

**ORDER OVERRULING OBJECTIONS AND ADOPTING IN PART**
**THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Now before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble. ECF No. 29. Therein, Magistrate Judge Trumble recommends this action be dismissed with prejudice because the Amended Complaint fails to state a claim upon which relief may be granted. Id. at 9. The Plaintiff timely filed objections to the R&R. ECF No. 32. Accordingly, this matter is ripe for adjudication.

**I. LEGAL STANDARDS**

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985).

"When a party does make objections, but the[] objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. N.Y. State Div. of Parole, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Objections must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." Osmon v. United States, 66 F.4th 144, 146 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). While "[d]istrict courts are not expected to relitigate entire cases to determine the basis of a litigant's objections[,] . . . [i]f the grounds for objection are clear, district court judges must consider them *de novo*, or else run afoul of both § 636(b)(1) and Article III [of the U.S. Constitution]." Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023).

Finally, the Fourth Circuit has long held, "[a]bsent objection, [no] explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

## II. DISCUSSION

First, the Court finds Magistrate Judge Trumble accurately and succinctly summarizes the background of this case in his R&R. ECF No. 29 at 2–3. In the interest of brevity, the Court incorporates that summary herein.

The R&R recommends the Plaintiff's Amended Complaint and this action be dismissed with prejudice because the Plaintiff fails state a claim upon which relief may be granted. Id. at 9. Specifically, the R&R reasons the Plaintiff has not alleged "that [the Defendant] 'through the official's own individual actions, has violated the Constitution,' as required by Iqbal." Id. at 7. Additionally, to the extent the Plaintiff asserts supervisory liability, the R&R concludes the Amended Complaint does not establish the requisite elements under Shaw v. Stroud. Id. at 8–9; 13 F.3d 791, 799 (4th Cir. 1994).

The Plaintiff essentially makes two objections to the R&R. See generally ECF No. 32. First, the Plaintiff states his "primary objections is that [he is] a []lay person with no formal knowledge of the law and [is] furthermore incarcerated with no resources [to] . . . assist [him] financially in regarding to hiring professional counsel." Id. at 1. Second, the Plaintiff avers he can prove the Defendant is "directly responsible" for his alleged injuries. See id. The Court also construes the Plaintiff's objections as including two motions: a motion to appoint counsel and a motion to file a second amended complaint. Id. at 3–4.

Below, the Court reviews *de novo* the Plaintiff's objections and motions. Ultimately, the Court overrules the Plaintiff's objections and denies the Plaintiff's motions.

### A. The Plaintiff's objections are overruled.

To establish individual liability under § 1983, a plaintiff must allege two things. Gomez v. Toledo, 446 U.S. 635, 640 (1980). "First, the plaintiff must allege that some

3

person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." Id. (citing Monroe v. Pape, 365 U.S. 167, 171 (1961), overruled on other grounds by Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)).

In contrast, three elements are required to establish supervisory liability under § 1983:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw, 13 F.3d at 799. "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury." Id. (citing Slakan v. Porter, 737 F.2d 368, 373–74 (4th Cir. 1984)).

Here, the Court agrees with the R&R and finds the Plaintiff fails to adequately allege either individual or supervisory liability under § 1983. Beginning with individual liability, the Plaintiff has not alleged the Defendant deprived him of a federal right. Indeed, the Amended Complaint does not state the Defendant intentionally took any action. Rather, the Amended Complaint avers a shower door handle was broken and never repaired while no signs warning of a slip hazard were posted. ECF No. 28 at 7. At most, the Plaintiff describes negligent conduct, and the Supreme Court of the United States has held negligent conduct is not redressable under § 1983 in similar circumstances. See

Daniels v. Williams, 474 U.S. 327, 333–34 (1986) (rejecting § 1983 suit brought against prison custodians for having left a pillow on the prison stairs because injuries arising from such conduct "are not addressed by the United States Constitution.").

Similarly, the Amended Complaint fails to meet the "heavy burden of proof" in establishing a claim of supervisory liability. See Shaw, 13 F.3d at 799. To state a claim of supervisory liability, a plaintiff must demonstrate "that the [supervisor's] conduct is widespread, or at least has been used *on several different occasions* and that the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury." Id. Moreover, a supervisory liability claim requires evidence of "a supervisor's *continued inaction* in the face of documented *widespread abuses*." Id. (emphasis added). Here, the Amended Complaint discusses an isolated incident involving a shower handle. Because Shaw requires more, the Plaintiff's claim of supervisory liability fails as a matter of law.

The Plaintiff's objections to the R&R do not save his claims. While the Plaintiff's *pro se* status and lack of legal knowledge entitle his pleadings to liberal construction, liberal construction does not change the Supreme Court's holding in Daniels or transform a lone unrepaired shower handle into "continued inaction in the face of documented widespread abuses." Haynes v. Kerner, 404 U.S. 519 (1972); id. Further, the Plaintiff's belief in his ability to prove the Defendant is "directly responsible" for his injuries does not add facts sufficient to "nudge[] [his] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Therefore, the Plaintiff's objections are overruled.

### B. The Plaintiff's motions are denied.

In the Plaintiff's objections, he appears to make two motions: a motion to appoint counsel and a motion to file a second amended complaint. ECF No. 32 at 3–4. Beginning with the former, this is the Plaintiff's second motion to appoint counsel. See ECF No. 12. The Plaintiff's first motion was denied because he "failed to show a particular need or exceptional circumstances that would require the assistance of a trained practitioner." ECF No. 13 at 2. Here, the Plaintiff fails to disturb the Court's prior conclusion. Therefore, the Plaintiff's second motion to appoint counsel is denied for the reasons previously and more fully articulated in the Court's prior Order Denying Plaintiff's Motion for Appointed Counsel [ECF No. 13].

As to the Plaintiff's motion to file a second amended complaint, the Plaintiff seeks to file a new amended complaint "to try and be more concise." See ECF No. 32 at 3. "A party may amend its pleading once as a matter of course . . . if the pleading is one to which a responsible pleading is required, [within] 21 days after service of a responsible pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because the Plaintiff previously amended his complaint, he must obtain leave from the Court to file a second amended complaint.

"The court should freely give leave when justice so requires." Id. The Fourth Circuit has held that a court should deny leave to amend "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509

(4th Cir. 1986). A court should deny leave to amend based on futility when the proposed amendment is clearly insufficient or frivolous on its face. Id. at 510.

Here, the Court finds permitting the Plaintiff to file a second amended complaint would be futile. Specifically, the Plaintiff's request to "try and be more concise" is clearly insufficient insofar as his claims currently fail based on what they lack, not what they may have in excess. To the extent the Plaintiff implies his proposed amendment would add facts regarding the Defendant's knowledge of the conditions that led to the Plaintiff's injuries, the proposed amendment would be clearly insufficient because the additional facts would fail to change the Court's above conclusion: that the Plaintiff's claims fail as a matter of law because they allege an isolated injury resulting from negligent conduct. Therefore, the Plaintiff's motion to file a second amended complaint is denied.

### III. CONCLUSION

For those reasons, the Plaintiff's objections [ECF No. 32] are **OVERRULED**, and the Plaintiff's motions therein are **DENIED**. Further, having reviewed the remainder of the R&R for clear error, the Court holds the R&R carefully considered the record and applied the appropriate legal analysis. However, while the R&R recommends dismissal with prejudice, the Court finds dismissal without prejudice is more appropriate.

Accordingly, it is the opinion of this Court that the R&R [ECF No. 29] should be, and is hereby, **ORDERED ADOPTED IN PART**. The Plaintiff's Amended Complaint [ECF No. 28] is **DISMISSED WITHOUT PREJUDICE**, and this matter is **ORDERED STRICKEN** from the Court's active docket.

The Clerk of Court is **DIRECTED** to transmit a copy of this Order to the *pro se* Plaintiff by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED**: November 7, 2024

                                                 GINA M. GROH
                                                 UNITED STATES DISTRICT JUDGE